# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
January 23. 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CLYDE STEPHENSON,**
**Claimant Below, Petitioner**

**vs.)   No. 14-0002** (BOR Appeal No. 2048521)
             (Claim No. 2009070220)

**COLUMBIA GAS TRANSMISSION CORPORATION,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Clyde Stephenson, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Columbia Gas Transmission Corporation, by James W. Heslep and Gary W. Nickerson, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 4, 2013, in which the Board affirmed a June 5, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's October 25, 2011, decision granting Mr. Stephenson a 9% permanent partial disability award and instead granted him an 11.75% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Stephenson, a welder, developed asymmetric hearing loss as the result of a motor vehicle accident that occurred in the course of his employment on November 13, 2008. Shortly after, he was treated by Todd Nichols, M.D., who found left moderate to moderately severe sensorineural hearing loss. Discrimination was 80% in the left ear and 88% in the right. Dr. Nichols assessed sensorineural hearing loss and sudden hearing loss related to trauma.

1

R. Austin Wallace, M.D., performed an independent medical evaluation and stated in a May 24, 2011, letter that he found slight mildly sloping sensorineural hearing loss in the right ear and unilateral flat sensorineural hearing loss in the left ear that was moderately severe. Discrimination scoring was 84% on the right and 68% on the left. Mr. Stephenson had a frequency total of 275 decibels in the left ear and sixty in the right. Dr. Wallace asserted that this gave him 6% impairment with an additional 3% for discrimination for a total of 9% whole person impairment. Dr. Wallace noted that Mr. Stephenson had a previous audiogram by Dr. Nichols which showed 88% discrimination in the right ear and 80% in the left; however, the report was incomplete and therefore could not be used for a complete diagnosis. Based upon Dr. Wallace's report, the claims administrator granted Mr. Stephenson a 9% permanent partial disability award on October 25, 2011.

A second independent medical evaluation was conducted by David Phillips, M.D. In a March 26, 2013, letter, Dr. Phillips stated that he found sloping to mild high frequency hearing loss in the right ear with 92% speech discrimination at sixty decibels. In the left ear, he found flat moderately severe to severe hearing loss with 92% speech discrimination at ninety decibels. Dr. Phillips stated that Dr. Wallace found a total loss of 275 decibels, whereas he currently found a 240 decibel loss. Additionally, Mr. Stephenson now showed 92% left ear discrimination, whereas Dr. Wallace recorded 68% left ear discrimination. The left ear improvement was found to be due to a reduction in inflammation and the concussive effect of head trauma. He assessed 11.75% impairment. Dr. Phillips noted that when he calculated Dr. Wallace's findings, he arrived at a total of 17.75% impairment, and he was unable to explain why Dr. Wallace only recommended 9% impairment.

The Office of Judges reversed the claims administrator's decision in its June 5, 2013, Order and instead granted Mr. Stephenson an 11.75% permanent partial disability award. It noted Dr. Wallace opined that Dr. Nichols's report was incomplete and was therefore insufficient for a complete diagnosis. The Office of Judges also found Dr. Phillips opined that Dr. Wallace's report was incorrectly calculated. Dr. Wallace found 9% impairment; however, when Dr. Phillips calculated Dr. Wallace's results he found that they amounted to 17.75% impairment. Dr. Phillips's report was therefore found to be the most reliable of record.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its December 4, 2013, decision. On appeal, Mr. Stephenson argues that Dr. Wallace's evaluation was conducted the closest in time to his date of injury and his findings should therefore be given the most evidentiary weight. Columbia Gas Transmission Corporation asserts that Dr. Wallace incorrectly calculated his results, and his report is therefore less reliable than that of Dr. Phillips. After review, this Court agrees with the reasoning of the Office of Judges and the conclusions of the Board of Review. The evidentiary record indicates that Mr. Stephenson sustained 11.75% permanent partial disability as a result of hearing loss caused by his compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  January 23, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II